# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Lamplighter Village Apartments LLLP, 1023 Grand Avenue LLC, 1708 and 1712 Grand Avenue LLC, 1947 Grand Avenue LLC, 231 Dayton Avenue LLC, 707 and 711 Grand Avenue LLC, Alton-SHN, LLC, Alton-NFLP, LLC, and Alton-HRG, LLC, Highland Ridge, LLLP, Lucas Goring, Madison LLC, Minnehaha Avenue Apartments, LLC, Oaks Union Depot LLC, Oxford Apartments LLC, Plaza, LLLP, Rockwood Place, LP, Wellington-NFLP, LLC, Wellington-PFP, LLC, Wellington-SHN, LLC, Woodstone Limited Partnership, and Yea Thao,

      Plaintiffs,

vs.

City of St. Paul,

      Defendant.

Case No. 21-CV-00413 (PAM-HB)

**DEFENDANT CITY OF SAINT PAUL'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant City of Saint Paul, (the "City," "Saint Paul," or "Defendant) denies each and every allegation, matter and thing contained in Plaintiffs' Complaint (the "Complaint"), except that which is hereinafter admitted, qualified or otherwise explained herein.  The City, for its Answer to the Complaint, states, admits and alleges as follows:

1.     As to Paragraph 1, the City admits that Plaintiffs' action purports to address the alleged unconstitutionality of the City's ordinance (hereinafter, the "Ordinance") governing certain owners, managers and operators of apartment and other private

multifamily housing within the City.  The City denies that the Ordinance is in any manner unconstitutional.  The City denies all other allegations made in the Paragraph.

2.      As to Paragraph 2 of the Complaint, the cited portion of the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the cited portion of the Ordinance provided in the Paragraph.

3.      As to Paragraph 3 of the Complaint, the cited portion of the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the cited portion of the Ordinance provided in the Paragraph.

4.      As to Paragraph 4 of the Complaint, the cited portion of the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the cited portion of the Ordinance provided in the Paragraph.

5.      The City denies all allegations made in Paragraph 5 of the Complaint.

6.      The City denies all allegations made in Paragraph 6 of the Complaint.

7.      The City denies all allegations made in Paragraph 7 of the Complaint.

8.      The City denies all allegations made in Paragraph 8 of the Complaint.

9.      The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 9 and they are therefore denied.

10.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 10 of the Complaint and they are therefore denied.

11.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 11 of the Complaint and they are therefore denied.

12.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 12 of the Complaint and they are therefore denied.

13.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 13 of the Complaint and they are therefore denied.

14.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 14 of the Complaint and they are therefore denied.

15.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 15 of the Complaint and they are therefore denied.

16.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 16 of the Complaint and they are therefore denied.

17.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 17 of the Complaint and they are therefore denied.

18.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 18 of the Complaint and they are therefore denied.

19.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 19 of the Complaint and they are therefore denied.

20.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 20 of the Complaint and they are therefore denied.

21.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 21 of the Complaint and they are therefore denied.

22.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 22 of the Complaint and they are therefore denied.

23.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 23 of the Complaint and they are therefore denied.

24.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 24 of the Complaint and they are therefore denied.

25.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 25 of the Complaint and they are therefore denied.

26.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 26 of the Complaint and they are therefore denied.

27.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 27 of the Complaint and they are therefore denied.

28.     The City admits the allegations made in Paragraph 28 of the Complaint.

29.     The City admits the allegations made in Paragraph 29 of the Complaint, but affirmatively denies that it in any manner violated the United States Constitution.

30.     The City admits the allegations made in Paragraph 30 of the Complaint, but affirmatively denies that it in any manner violated the Minnesota Constitution.

31.     The City admits the allegations made in Paragraph 31 of the Complaint, but affirmatively denies that it in any manner violated the United States Constitution or other federal law.

32.     The City admits the allegations made in Paragraph 32 of the Complaint.

33.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 33 of the Complaint and they are therefore denied.

34.     As to Paragraph 34 of the Complaint, the City admits that leasing property provides the tenant the right to generally possess the property during the period of tenancy, subject to certain limitations.  The City denies all other allegations made in the Paragraph.

35.     The allegations made in Paragraph 35 of the Complaint present hypothetical fact situations and legal argument that are not susceptible to admission or denial and they are therefore denied. To the extent the allegations imply Defendant's liability, the allegations are denied.

36.     The allegations made in Paragraph 36 of the Complaint present hypothetical fact situations and legal argument that are not susceptible to admission or denial and they are therefore denied. To the extent the allegations imply Defendant's liability, the allegations are denied.

37.     The allegations made in Paragraph 37 of the Complaint present hypothetical fact situations and legal argument that are not susceptible to admission or denial and they are therefore denied. To the extent the allegations imply Defendant's liability, the allegations are denied.

38.     The allegations made in Paragraph 3 of the Complaint present hypothetical fact situations and legal argument that are not susceptible to admission or denial and they are therefore denied. To the extent the allegations imply Defendant's liability, the allegations are denied.

39.     The allegations made in Paragraph 39 of the Complaint present hypothetical fact situations and legal argument that are not susceptible to admission or denial and they

are therefore denied. To the extent the allegations imply Defendant's liability, the allegations are denied.

40.     The allegations made in Paragraph 40 of the Complaint present hypothetical fact situations and legal argument that are not susceptible to admission or denial and they are therefore denied. To the extent the allegations imply Defendant's liability, the allegations are denied.

41.     The allegations made in Paragraph 41 of the Complaint present hypothetical fact situations and legal argument that are not susceptible to admission or denial and they are therefore denied. To the extent the allegations imply Defendant's liability, the allegations are denied.

42.     The allegations made in Paragraph 42 of the Complaint present hypothetical fact situations and legal argument that are not susceptible to admission or denial and they are therefore denied. To the extent the allegations imply Defendant's liability, the allegations are denied.

43.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 43 of the Complaint and they are therefore denied.

44.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 44 of the Complaint and they are therefore denied.

45.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 45 of the Complaint and they are therefore denied.

46.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 46 of the Complaint and they are therefore denied.

47.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 47 of the Complaint and they are therefore denied.

48.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 48 of the Complaint and they are therefore denied.

49.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 49 of the Complaint and they are therefore denied.

50.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 50 of the Complaint and they are therefore denied.

51.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 51 of the Complaint and they are therefore denied.

52.     Paragraph 52 of the Complaint consists entirely of a legal conclusion to which no response is required and it is therefore denied.  The City further denies that property owners have "absolute control" over the sale of their properties.

53.     The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 53 of the Complaint and they are therefore denied.

54.     As to Paragraph 54 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

55.     As to Paragraph 55 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

56.     As to Paragraph 56 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

57.     As to Paragraph 57 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

58.     As to Paragraph 58 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

59.     As to Paragraph 59 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph and its subparagraphs.

60.     As to Paragraph 60 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph and its subparagraphs.

61.     As to Paragraph 61 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph and its subparagraphs.

62.     As to Paragraph 62 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

63.     As to Paragraph 63 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

64.     As to Paragraph 64 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

65.     As to Paragraph 65 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

66.     As to Paragraph 66 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

67.     As to Paragraph 67 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

68.     As to Paragraph 68 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

69.     As to Paragraph 69 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

70.     As to Paragraph 70 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

71.     As to Paragraph 71 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

72.     As to Paragraph 72 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

73.     As to Paragraph 73 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

74.     As to Paragraph 74 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

75.     The City admits the allegations made in Paragraph 75 of the Complaint.

76.     The City admits the allegations made in Paragraph 76 of the Complaint.

77.     As to Paragraph 77, the City admits that one or more Owners corresponded with and/or met with members of the City Council to discuss the Ordinance and its effect on Owners.  The City lacks a sufficient factual basis on which to admit or deny whether each and every Plaintiff was involved in these efforts, or whether the amount of time spent by Owners was "considerable," and those allegations are therefore denied.

78.     As to Paragraph 78 of the Complaint, the City admits that when it came time to pass the Ordinance, the City Council put a limit on the number of public speakers, consistent with the City's uniformly-implemented procedures for public hearings conducted during the COVID-19 pandemic.  The City affirmatively alleges that it has publicly disseminated guidance to the public on how to comment on pending resolutions and proposed ordinances on its website, at https://www.stpaul.gov/departments/city-council/city-council-public-hearing-live-testimony, during the pandemic, including encouraging the submission of comments by voice mail and email.  The City lack a sufficient factual basis on which to admit or deny whether there were "countless other Plaintiffs and other Owners who were not able to voice their opposition to the Ordinance at the public meeting of the City Council," and that allegation is therefore denied.  The City denies all other allegations made in the Paragraph.

79.     As to Paragraph 79 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

80.     As to Paragraph 80 of the Complaint, the City admits that the implementation committee referenced in the paragraph did not publicly disseminate rules, an implementation plan or an outreach and engagement plan for landlords or tenants prior to the filing of the Complaint.  The City affirmatively alleges, however, that the committee has developed such items, with the intention of disseminating them prior to the effective date of the Ordinance.

81.     As to Paragraph 81 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

82.     As to Paragraph 82 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

83.     The City denies all allegations made in Paragraph 83 of the Complaint.

84.     The City denies all allegations made in Paragraph 84 of the Complaint.

85.     The City denies all allegations made in Paragraph 85 of the Complaint.

86.     The City denies all allegations made in Paragraph 86 of the Complaint.

87.     The City denies all allegations made in Paragraph 87 of the Complaint.

88.     As to Paragraph 88 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

89.     As to Paragraph 89 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

90.     As to Paragraph 90 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

91.     As to Paragraph 91 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

92.     As to Paragraph 92 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

93.     As to Paragraph 93 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

94.     As to Paragraph 94 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

95.     As to Paragraph 95 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

96.     As to Paragraph 96 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

97.     As to Paragraph 97 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

98.     As to Paragraph 98 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

99.     As to Paragraph 99 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

100.    As to Paragraph 100 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

101.    As to Paragraph 101 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

102.    As to Paragraph 102 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

103.    As to Paragraph 103 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

104.    As to Paragraph 104 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

105.    As to Paragraph 105 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

106.    The City lacks a sufficient factual basis on which to admit or deny the allegations made in Paragraph 106 of the Complaint and they are therefore denied.

107.    As to Paragraph 107 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City lacks a sufficient factual basis on which to admit or deny the other allegations made in the Paragraph and they are therefore denied.

108.    As to Paragraph 108 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

109.    As to Paragraph 109 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

110.    As to Paragraph 110 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

111.    As to Paragraph 111 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

112.    As to Paragraph 112 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

113.    As to Paragraph 113 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

114.    As to Paragraph 114 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

115.    As to Paragraph 115 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

116.    As to Paragraph 116 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City lacks a sufficient factual basis on which to admit or deny the other allegations made in the Paragraph and they are therefore denied.

117.    As to Paragraph 117 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

118.    As to Paragraph 118 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the

Paragraph.  The City lacks a sufficient factual basis on which to admit or deny the other allegations made in the Paragraph and they are therefore denied.

119.    As to Paragraph 119 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

120.    As to Paragraph 120 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

121.    As to Paragraph 121 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

122.    As to Paragraph 122 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

123.    As to Paragraph 123 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The remainder of the Paragraph presents hypothetical fact situations and legal argument that are not susceptible to admission or denial and they are therefore denied. To the extent the allegations imply Defendant's liability, the allegations are denied.

124.    The allegations in Paragraph 124 of the Complaint present hypothetical fact situations and legal argument that are not susceptible to admission or denial and they are

therefore denied. To the extent the allegations imply Defendant's liability, the allegations are denied.

125.     The City denies all allegations made in Paragraph 125 of the Complaint.

126.     As to Paragraph 126 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

127.     As to Paragraph 127 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

128.     As to Paragraph 128 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City lacks a sufficient factual basis on which to admit or deny the other allegations made in the Paragraph and they are therefore denied.

129.     The allegations in Paragraph 129 of the Complaint present hypothetical fact situations and legal argument that are not susceptible to admission or denial and they are therefore denied. To the extent the allegations imply Defendant's liability, the allegations are denied.

130.     As to Paragraph 130 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

131.    As to Paragraph 131 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

132.    As to Paragraph 132 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

133.    The City admits the allegations made in Paragraph 133 of the Complaint.

134.    As to Paragraph 134 of the Complaint, the Wilder study speaks for itself, and the City denies the accuracy of the characterization of the Wilder study provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

135.    As to Paragraph 135 of the Complaint, the Wilder study speaks for itself, and the City denies the accuracy of the characterization of the Wilder study provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

136.    As to Paragraph 136 of the Complaint, the Wilder study speaks for itself, and the City denies the accuracy of the characterization of the Wilder study provided in the Paragraph.  The City lacks a sufficient factual basis on which to admit or deny the other allegations made in the Paragraph and they are therefore denied.

137.    As to Paragraph 137 of the Complaint, the comments referenced in the Paragraph speak for themselves, and the City denies the accuracy of the characterization of the comments provided in the Paragraph.

138.    As to Paragraph 138 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

139.    The City denies all allegations made in Paragraph 139 of the Complaint.

140.    The City denies all allegations made in Paragraph 140 of the Complaint.

141.    The City admits the allegations made in Paragraph 141 of the Complaint.

142.    As to Paragraph 142 of the Complaint, the document referenced in the Paragraph speaks for itself, and the City denies the accuracy of the characterization of the document provided in the Paragraph.

143.    As to Paragraph 143 of the Complaint, the document referenced in the Paragraph speaks for itself, and the City denies the accuracy of the characterization of the document provided in the Paragraph.

144.    As to Paragraph 144 of the Complaint, the document referenced in the Paragraph speaks for itself, and the City denies the accuracy of the characterization of the document provided in the Paragraph.

145.    The City denies all allegations made in Paragraph 145 of the Complaint.

146.    The City denies all allegations made in Paragraph 146 of the Complaint.

147.    The City denies all allegations made in Paragraph 147 of the Complaint.

148.    The City denies all allegations made in Paragraph 148 of the Complaint.

149.    The City denies all allegations made in Paragraph 149 of the Complaint.

150.    As to Paragraph 150 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

151.    As to Paragraph 151 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

152.    As to Paragraph 152 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

153.    As to Paragraph 153 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

154.    As to Paragraph 154 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

155.    As to Paragraph 155 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

156.    As to Paragraph 156 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City denies all other allegations made in the Paragraph.

157.    As to Paragraph 157 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

158.    As to Paragraph 158 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

159.    As to Paragraph 159 of the Complaint, the City incorporates and restates its response to Paragraph 80 of the Complaint.

160.    As to Paragraph 160 of the Complaint, the City incorporates and restates its responses to the preceding paragraphs referenced in Paragraph 160.

161.    Paragraph 161 of the Complaint consists entirely of a legal conclusion to which no response is required and it is therefore denied.

162.    The City denies all allegations made in Paragraph 162 of the Complaint.

163.    As to Paragraph 163 of the Complaint, the City denies that "the unstated coal of the Ordinance is to require Owners to lease their property to individuals to whom they would not otherwise allow access."  The remainder of the Paragraph presents hypothetical fact situations and legal argument that are not susceptible to admission or denial and is therefore denied. To the extent the allegations imply Defendant's liability, the allegations are denied.

164.    Paragraph 164 of the Complaint consists entirely of legal conclusions to which no response is required and it is therefore denied.

165.    Paragraph 165 of the Complaint consists entirely of a legal conclusion to which no response is required and it is therefore denied.

166.    The City denies all allegations made in Paragraph 166 of the Complaint.

167.    The City denies all allegations made in Paragraph 167 of the Complaint.

168.    The City denies all allegations made in Paragraph 168 of the Complaint.

169.    The City denies all allegations made in Paragraph 169 of the Complaint.

170.    As to Paragraph 170 of the Complaint, the City lacks a sufficient factual basis on which to admit or deny the allegation that "Plaintiffs and other Owners expect that they have the ability to select the tenants of their choice, on a non-discriminatory basis, and to assess applicants on factors relevant to their suitability as tenants, including credit history, criminal history, and other factors," and that allegation is therefore denied.  The City denies all other allegations made in the Paragraph.

171.    The City denies all allegations made in Paragraph 171 of the Complaint.

172.    The City denies all allegations made in Paragraph 172 of the Complaint.

173.    The City denies all allegations made in Paragraph 173 of the Complaint.

174.    The City denies all allegations made in Paragraph 174 of the Complaint.

175.    The City denies all allegations made in Paragraph 175 of the Complaint.

176.    The City denies all allegations made in Paragraph 176 of the Complaint.

177.    The City denies all allegations made in Paragraph 177 of the Complaint.

178.    As to Paragraph 178 of the Complaint, the City incorporates and restates its responses to the preceding paragraphs referenced in Paragraph 178.

179.    Paragraph 179 of the Complaint consists entirely of a legal conclusion to which no response is required and it is therefore denied.

180.    The City denies all allegations made in Paragraph 180 of the Complaint.

181.    Paragraph 181 of the Complaint consists entirely of legal conclusions to which no response is required and it is therefore denied.

182.    Paragraph 182 of the Complaint consists entirely of a legal conclusion to which no response is required and it is therefore denied.

183.    The City denies all allegations made in Paragraph 183 of the Complaint.

184.    The City denies all allegations made in Paragraph 184 of the Complaint.

185.    The City denies all allegations made in Paragraph 185 of the Complaint.

186.    The City denies all allegations made in Paragraph 186 of the Complaint.

187.    The City denies all allegations made in Paragraph 187 of the Complaint.

188.    The City denies all allegations made in Paragraph 188 of the Complaint.

189.    The City denies all allegations made in Paragraph 189 of the Complaint.

190.    The City denies all allegations made in Paragraph 190 of the Complaint.

191.    The City denies all allegations made in Paragraph 191 of the Complaint.

192.    The City denies all allegations made in Paragraph 192 of the Complaint.

193.    As to Paragraph 193 of the Complaint, the City incorporates and restates its responses to the preceding paragraphs referenced in Paragraph 193.

194.    Paragraph 194 of the Complaint consists entirely of a legal conclusion to which no response is required and it is therefore denied.

195.    The City denies all allegations made in Paragraph 195 of the Complaint.

196.   Paragraph 196 of the Complaint consists entirely of legal conclusions to which no response is required and it is therefore denied.

197.   Paragraph 197 of the Complaint consists entirely of a legal conclusion to which no response is required and it is therefore denied.

198.   The City denies all allegations made in Paragraph 198 of the Complaint.

199.   The City denies all allegations made in Paragraph 199 of the Complaint.

200.   The City denies all allegations made in Paragraph 200 of the Complaint.

201.   The City denies all allegations made in Paragraph 201 of the Complaint.

202.   The City denies all allegations made in Paragraph 202 of the Complaint.

203.   The City denies all allegations made in Paragraph 203 of the Complaint.

204.   The City denies all allegations made in Paragraph 204 of the Complaint.

205.   The City denies all allegations made in Paragraph 205 of the Complaint.

206.   The City denies all allegations made in Paragraph 206 of the Complaint.

207.   As to Paragraph 207 of the Complaint, the City incorporates and restates its responses to the preceding paragraphs referenced in Paragraph 207.

208.   Paragraph 208 of the Complaint consists entirely of a legal conclusion to which no response is required and it is therefore denied.

209.   The City denies all allegations made in Paragraph 209 of the Complaint.

210.   As to Paragraph 210 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

211.    As to Paragraph 211 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

212.    As to Paragraph 212 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.

213.    The City denies all allegations made in Paragraph 213 of the Complaint.

214.    The City denies all allegations made in Paragraph 214 of the Complaint.

215.    The City denies all allegations made in Paragraph 215 of the Complaint.

216.    The City denies all allegations made in Paragraph 216 of the Complaint.

217.    The City denies all allegations made in Paragraph 217 of the Complaint.

218.    The City denies all allegations made in Paragraph 218 of the Complaint.

219.    The City denies all allegations made in Paragraph 219 of the Complaint.

220.    The City denies all allegations made in Paragraph 220 of the Complaint.

221.    As to Paragraph 221 of the Complaint, the City incorporates and restates its responses to the preceding paragraphs referenced in Paragraph 221.

222.    Paragraph 222 of the Complaint consists entirely of a legal conclusion to which no response is required and it is therefore denied.

223.    The City denies all allegations made in Paragraph 223 of the Complaint.

224.    Paragraph 224 of the Complaint consists entirely of a legal conclusion to which no response is required and it is therefore denied.

225.    Paragraph 225 of the Complaint consists entirely of a legal conclusion to which no response is required and it is therefore denied.

226.    The City denies all allegations made in Paragraph 226 of the Complaint.

227.    The City denies all allegations made in Paragraph 227 of the Complaint.

228.    The City denies all allegations made in Paragraph 228 of the Complaint.

229.    The City denies all allegations made in Paragraph 229 of the Complaint.

230.    The City denies all allegations made in Paragraph 230 of the Complaint.

231.    As to Paragraph 231 of the Complaint, the City incorporates and restates its responses to the preceding paragraphs referenced in Paragraph 231.

232.    The City admits the allegations made in Paragraph 232 of the Complaint.

233.    The City denies all allegations made in Paragraph 233 of the Complaint.

234.    As to Paragraph 234 of the Complaint, the Ordinance speaks for itself, and the City denies the accuracy of the characterization of the Ordinance provided in the Paragraph.  The City lacks a sufficient factual basis on which to admit or deny the other allegations made in the Paragraph and they are therefore denied.

235.    The City denies all allegations made in Paragraph 235 of the Complaint.

236.    The City denies all allegations made in Paragraph 236 of the Complaint.

237.    The City denies all allegations made in Paragraph 237 of the Complaint.

238.    The City denies all allegations made in Paragraph 238 of the Complaint.

239.    The City denies all allegations made in Paragraph 239 of the Complaint.

240.    The City denies all allegations made in Paragraph 240 of the Complaint.

241.    The City denies all allegations made in Paragraph 241 of the Complaint.

242.     As to the remaining paragraphs following the word WHEREFORE, the City alleges that no responsive pleading is required as it merely states Plaintiffs' demand for judgment.   To the extent that said allegations require an answer, the City denies all allegations contained in said paragraphs.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.     The Complaint fails, in whole or in part, based on the doctrines of waiver, estoppel, and/or laches.

3.     The Complaint fails, in whole or in part, due to lack of jurisdiction, lack of justiciability, lack of standing, and lack of ripeness.

4.     Defendant affirmatively alleges that its liability, if any, which it expressly denies, is limited by Minn. Stat. § 466.04.

5.     Defendant affirmatively alleges that it has statutory immunity from liability in this action, established in part under the provisions of Minn. Stat. §§ 466.03, subd. 5; 466.04, subd. 6; 466.03, subd. 7; and 466.03, subd. 10.

6.     Defendant affirmatively alleges that at all times relevant to the Complaint, it is and has been protected by official immunity, vicarious official immunity, legislative immunity; planning-level immunity, and/or statutory immunity.

7.     Defendant denies that its actions were in any way illegal or invalid.

8.     Defendant denies that the Ordinance conflicts with or is preempted by Minnesota or Federal law.

9.      Plaintiffs have failed to exhaust available remedies, including administrative remedies.

10.     If any terms of the Ordinance are invalid, they are severable.

11.     Plaintiffs have not established, nor can they, an entitlement to injunctive or declaratory relief.

12.     Defendant denies that Plaintiffs are entitled to a temporary injunction.

13.     Defendant denies that Plaintiffs are entitled to a permanent injunction.

14.     Plaintiffs' alleged damages are too speculative to form a basis for relief through this action.

15.     As a separate affirmative defense to the Complaint, Defendant alleges that the claims contained in Plaintiffs' Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent to which Plaintiffs' claims may be barred by one or more of said affirmative defenses not specifically set forth above, and cannot be determined until Defendant has had an opportunity to complete discovery, Defendant incorporates all said affirmative defenses as if fully set forth herein.

WHEREFORE, the City prays for an Order of this Court as follows:

a.      Dismissing the Plaintiffs' Complaint on its merits and with prejudice.

b.      Awarding the City of Saint Paul all costs and disbursements as allowed by law, including attorneys' fees.

c.      All other and further relief as this Court deems just and equitable.

Dated:  March 8, 2021

**LYNDSEY M. OLSON**
City Attorney


*s/ Anthony G. Edwards*
ANISSA M. MEDIGER, No. 0299439
ANTHONY G. EDWARDS, No. 0342555
Assistant City Attorneys
*Attorneys for Defendants*
750 City Hall and Court House
15 West Kellogg Boulevard
Saint Paul, MN 55102
Telephone: (651) 266-8775
Fax: (651) 266-8787
Email:  *anissa.mediger@ci.stpaul.mn.us*
            *anthony.edwards@ci.stpaul.mn.us*


**MINN. STAT. § 549.211**
**ACKNOWLEDGMENT**

The party or parties on whose behalf the attached document is served acknowledge through their undersigned counsel that sanctions may be imposed pursuant to Minn. Stat. § 549.211.


 *s/ Anthony G. Edwards*
ANTHONY G. EDWARDS, No. 0342555
Assistant City Attorney