UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lamplighter Village Apartments LLLP, 1023 Grand Avenue LLC, 1708 and 1712 Grand Avenue LLC, 1947 Grand Avenue LLC, 231 Dayton Avenue LLC, 707 and 711 Grand Avenue LLC, Alton-SHN, LLC, Alton-NFLP, LLC, and Alton-HRG, LLC, Highland Ridge, LLLP, Lucas Goring, Madison LLC, Oaks Union Depot LLC, Minnehaha Avenue Apartments, LLC, Oxford Apartments LLC, Plaza, LLLP, Rockwood Place, LP, Wellington-NFLP, LLC, Wellington-PFP, LLC, Wellington-SHN, LLC, Woodstone Limited Partnership, and Yea Thao, | Civil No. 21-cv-0413 (PAM/HB) <br><br> **PRETRIAL SCHEDULING ORDER** |
| Plaintiffs, | |
| v. | |
| City of St. Paul, | |
| Defendant. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings.

This schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.[1] Counsel must promptly notify the Court of developments in the case that could significantly affect the case management schedule.

---

[1] Parties who agree to seek a modification of this Scheduling Order may do so by filing a stipulation and proposed order on ECF, and submitting a Word version of the proposed order by email to chambers. In such case, they need not file a formal motion;

The Court expects the parties and their counsel to work cooperatively throughout this litigation to narrow the issues in dispute, and to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve disputes.

The parties are also reminded that Magistrate Judge Bowbeer's Practice Pointers, which are periodically revised, are available on the United States District Court for the District of Minnesota's website (*mnd.uscourts.gov*).  All parties are expected to be familiar with and adhere to these Practice Pointers, including any variances from the Local Rules.

**PLEADINGS**

1. Any motion that seeks to amend or supplement the pleadings or to add parties, must be filed and served on or before **August 23, 2021**.

2. Any motion that seeks to amend or supplement the pleadings must include a redlined version reflecting the changes contained in the proposed pleading.  (See Fed. R. Civ. P 15(a) and Local Rule 15.1.)

3. The moving party may file a reply memorandum as a matter of right in connection with a motion for leave to amend a pleading if the other side argues that the amendment would be futile.  In such case, the initial motion and supporting papers must be filed no less than 21 days before the hearing date, and the reply must be filed no more than 7 days after the other side files its response arguing futility.  To anticipate this expanded briefing schedule, the parties must discuss during the required pre-motion meet-and-confer whether the other side intends to argue futility.  The total word count for the opening and reply memoranda may not exceed 12,000 words unless otherwise authorized.  If the other side does not argue futility, no reply will

---

however, the stipulation must still meet the requirements of Local Rule 16.3, including but not limited to a showing of good cause.  The parties are further reminded that even if they stipulate to a modification of the Scheduling Order, they should not assume the Court will grant their request.

be permitted without leave of Court. See <u>Non-Dispositive Motions</u> ¶ 3 below.

**FACT DISCOVERY**

**T**he following deadlines and limitations will govern fact discovery in this case:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **May 14, 2021**. By agreement of the parties, documents identified by category and location pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) must be produced on or before **June 4, 2021**.

2. Fact discovery must be commenced <u>in time to be completed</u> on or before **January 28, 2022**.

3. <u>Written discovery</u>.

    a. Plaintiffs as a group may serve no more than a total of **25 interrogatories** on Defendant, and Defendant may serve no more than a total of **25 interrogatories** on Plaintiff as a group ("Party Interrogatories"). Any interrogatory directed to all Plaintiffs shall be considered as one Party Interrogatory. Each individual Plaintiff may serve no more than **5 interrogatories** on Defendant, and Defendant may serve no more than **5 interrogatories** on each individual Plaintiff. ("Individual Interrogatories") Notwithstanding the foregoing, in no event may either side serve more than **50 interrogatories** total (i.e., Party Interrogatories and Individual Interrogatories combined). Interrogatories shall be counted in accordance with Rule 33(a).

    b. No more than **30 document requests** shall be served by each **side.**

    c. No more than **30 requests for admissions** shall be served by each **side**. A reasonable number of requests for admissions that are directed solely to the authenticity or genuineness of documents will not count toward this limit.

    d. The parties are reminded that Fed. R. Civ. P. 26(b)(1) provides that discovery must be both relevant to any party's claim or defense and proportional to the needs of the case, considering, *inter alia*, the importance of the issues at stake in the action and the importance of the discovery in resolving those issues, as well as whether the burden or expense of the proposed discovery outweighs its likely benefit. Accordingly, requests must be tailored and specific to the

        issues, and general requests for "all relevant documents" do not meet these criteria.

        At the same time, Fed. R. Civ. P. 34(b)(2) requires that a responding party must "state with specificity the grounds for objecting to the request, including the reasons" and that the objection "must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest."  Boilerplate or general objections that do not clearly communicate whether and to what extent the scope of the response is more limited than the scope of the request do not meet these criteria.

4.     <u>Fact Depositions</u>.

    a.     Each **side** may take no more than **20 fact depositions**, including Rule 30(b)(6) and non-party depositions.  All depositions, including Rule 30(b)(6) depositions, must be completed prior to the deadline for the completion of fact discovery.

    b.     The parties expect that most, if not all, depositions will take place in the Twin Cities. If any deponents reside outside the Twin Cities, the parties will work in good faith to agree on an appropriate deposition location. The parties further agree that depositions may take place virtually to the extent required by the ongoing COVID 19 pandemic. The parties will meet and confer in good faith regarding the format and platform for remote depositions.  Absent a specific showing why a remote deposition would not be practicable in a particular instance, the parties' desire to take depositions in person will not, in and of itself, constitute good cause to extend the deadlines set forth herein.

    c.     The parties will serve 30(b)(6) notices of deposition in accordance with Federal Rule of Civil Procedure 30(b)(6).

    d.     The parties are expected as discovery progresses to discuss possible additional agreements concerning issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

5.     <u>Electronically stored information (ESI).</u>  The parties do not currently anticipate significant discovery of electronically stored information ("ESI").  They have agreed that if they have not already done so, they will immediately send their clients an appropriate litigation hold memorandum.  The parties further agree that they will exchange and negotiate agreed-upon

custodian lists and search term lists to effectuate the searching and production of relevant, non-privileged electronic discovery. The parties will also meet and confer regarding the form of production of ESI. The parties will work together in good faith to resolve any ESI issues cooperatively as they appear throughout the course of discovery.

Any disputes that cannot be resolved through a good faith meet and confer process must be brought promptly to the Court for resolution so that such disputes do not impede the progress of discovery and the parties' compliance with the deadlines established by this Order.

6. <u>Claims of Privilege or Protection as Attorney Work Product</u>.

   a. The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) to segregate privileged and/or protected information before production.

   b. Unless otherwise ordered, the parties are not obligated to include on their privilege logs documents, communications, or other materials that came into existence on or after the date that Plaintiffs' first complaint was filed in this action.

   Privilege logs must be provided by the producing party on within 45 days of the production from which documents were withheld, or by the deadline for the completion of fact discovery, whichever is earlier.

**<u>PROTECTIVE ORDER AND HANDLING OF SEALED DOCUMENTS IN CONNECTION WITH MOTIONS</u>**

By agreement of the parties, a protective order has been entered in this case to govern the handling of confidential information produced in discovery. (ECF No. 58.)

If a dispute arises regarding whether that protective order should be modified, and that dispute cannot be resolved through a good faith meet and confer, the dispute should be submitted to the Court as soon as possible in accordance with the procedures governing non-dispositive motions.[2]  In the interim, however, absent extraordinary circumstances, any otherwise discoverable information that a producing party believes should be covered by the proposed modifications may not be withheld on the basis that the modifications have not yet been adopted.  Instead, the information must be produced to opposing counsel, but it may be designated for restricted review in accordance with the proposed modifications if there is a good faith basis for doing so.  Opposing counsel must comply with the interim restricted designation for such information until the Court resolves the dispute concerning the protective order.  At that time, the producing party must re-produce and re-designate the documents if necessary to conform to the Court's ruling.

**The parties are reminded that Local Rule 5.6 governs the filing of documents under seal in this case.**

If a party intends to file in connection with a motion a document the party believes in good faith is not confidential but which has been designated by another party as

---

[2]  Parties who agree to a modification of the protective order may submit a stipulation with the proposed modified order to the Court without a motion and do not need to comply with Local Rule 7.1(b).  If they agree that the order should be modified but disagree as to the details of the modification, they may still submit it by stipulation and proposed order, provided they clearly set forth their respective positions/proposed language on the terms as to which they disagree.  In either case, they should provide a Word version of the proposed order by email to chambers.  However, if they disagree about whether the protective order should be modified at all, the onus is on the party seeking modification to seek relief from the Court by motion or, if the parties agree, through the IDR process.

confidential or protected, the party intending to file the document is encouraged to meet and confer with that party concerning the designation of the document and if necessary to follow the procedures set forth in the protective order to challenge the designation of the document, to the extent practicable, before the party's submission is due.

If a party files a document under seal in connection with a motion or other matter to be heard by the undersigned, counsel must provide the Court with a courtesy copy of each sealed document either in hard copy or on a CD, thumb drive, or similar electronic storage media.  The confidential information (i.e., the information that was redacted from the publicly filed document) must be ***highlighted in yellow*** on the courtesy copy.  The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged; however, in the rare event that an entire document is filed under seal, the courtesy copy of that document must so note.  The courtesy copies must be delivered to the Court no later than the next business day after the documents are e-filed.[3]

A joint motion for sealing filed pursuant to Local Rule 5.6 must not only set forth the justification(s) for continued sealing but must, to the extent practicable, identify with specificity the portion or portions of each document for which the parties seek continued sealing.  That a document was designated as confidential under a protective order cannot be the sole reason to support continued sealing.  If a redacted public version of any such document has not already been filed, or if further good faith review by the party who

---

[3] The parties are advised to contact the chambers of the undersigned during the pandemic regarding whether courtesy copies will be required for any motion or other matter submitted to the undersigned.  The parties should contact the chambers of the District

asserts confidentiality reveals that some of the previously redacted material does not require sealing, the parties must cooperate to prepare and file a redacted version of that document, and must refer to it in the joint motion for sealing.

## **EXPERTS**

1. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), must be made as follows:

    Identification by Plaintiff on or before **February 25, 2022**.

    Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Plaintiff on or before **March 18, 2022**.

    Identification by Defendant on or before **April 22, 2022**.

    Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Defendant on or before **June 3, 2022**.

    Rebuttal expert identities and disclosures on or before **June 24, 2022**.

2. Expert discovery, including depositions, must be completed by **July 15, 2022**.

## **NON-DISPOSITIVE MOTIONS**

Except where the parties and the Court have agreed to handle a dispute through Informal Dispute Resolution (see below), all non-dispositive motions must be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and with Local Rules 7.1 and 37.1. *The required "meet and confer" must be meaningful and must include attempts to do so through personal contact, rather than solely through correspondence.* Unless a non-dispositive motion is

---

Judge for guidance regarding the submissions of courtesy copies in connection with matters heard by the District Judge.

unopposed, it must be scheduled for hearing prior to filing by calling the Courtroom Deputy/Judicial Assistant for Magistrate Judge Bowbeer, even when all parties are in agreement that no hearing is required.[4] If the moving party does not intend to file the motion promptly after receiving a hearing date from the Court, it must notify the other side in writing of the hearing date and the nature of the anticipated motion. Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.

The parties must promptly bring disputes to the Court through its procedures for resolving non-dispositive motions where the parties have not been able to resolve those disputes through a diligent, good faith meet-and-confer process. In other words, simply because this Scheduling Order establishes a deadline for filing a particular type of non-dispositive motion does not mean the Court will automatically deem any motion brought by that deadline to have been timely filed. The Court will consider whether the relief sought by the motion is likely to impact the parties' ability to meet the other deadlines in this Order and whether it appears that with the exercise of diligence, the motion could have been brought sooner.

      1.    All non-dispositive motions and supporting documents, other than those seeking to amend or supplement the pleadings or relating to expert discovery, must be filed and served on or before **February 11, 2022**. This includes motions relating to fact discovery and motions to amend this Scheduling Order. The Court reminds the parties that, except in extraordinary circumstances, they must obtain a hearing date for a motion

---

[4] If the parties are in agreement that no hearing is necessary, that agreement must be clearly stated in the notice of motion. If the Court agrees, it will file an order canceling the hearing and stating its intention to take the motion under advisement on the papers.

9

       to amend this Scheduling Order BEFORE the deadline that they wish to amend expires.  (See LR 16.3(d).)

2. All non-dispositive motions and supporting documents that relate to expert discovery must be filed and served on or before **July 29, 2022**.

3. Reply Memoranda:  For any non-dispositive motion <u>other</u> than a motion to amend the pleadings as to which the other side argues futility, the moving party must obtain leave of Court before filing a reply memorandum.  Leave shall be sought by filing and serving a short letter explaining the need for a reply and identifying the issue or issues to be addressed.  The proposed reply must <u>not</u> be filed with the letter.  No response to the letter may be filed unless the Court requests it.  If the Court grants leave to file a reply, the reply must be filed and served no later than four days after the filing of the response to which it is directed unless the Court sets a different deadline.  Unless otherwise authorized, the reply memorandum may not exceed 1,750 words, including footnotes, and the total word count for the opening and reply memoranda may not exceed 12,000 words.

4. Discovery Motions:

    a. Before any formal motion relating to discovery (i.e., where the parties have not agreed to IDR) is scheduled or filed, either party may request a telephone conference with the Court. Any request for a telephone conference must be made well in advance of the anticipated filing deadline for any motion. The purpose of this call is to explore narrowing the discovery dispute, ensure that the parties have fully complied with their obligations to meet and confer, and to discuss the most efficient way to brief disputed issues. The party shall request the telephone conference by submitting a short email to *bowbeer_chambers@mnd.uscourts.gov* (copying all counsel), describing the discovery dispute and indicating when the parties would be available for a conference call. No attachments are permitted. The Court will then schedule a conference call unless it appears that the call would not be a good use of the parties' or the Court's time, or that the Court's schedule cannot accommodate a call within a reasonable time.

    b. Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should also take care to prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way.  The status of each dispute should be clear to the Court without having to cross-reference

multiple exhibits. Arguments should be precise and should be grounded in the current Federal Rules of Civil Procedure governing discovery, including recent amendments. To the extent a burden is asserted, support for this position must be included. One suggested approach is set forth below:

| |
|---|
| Insert the actual discovery request |
| Insert the actual response and objections |
| Insert position after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought |

Upon good cause shown by letter request pursuant to Local Rule 7.1(f)(1)(D), the Court will give a party leave to exceed the word limits for its memorandum if the additional words will help avoid the need for the Court to cross-reference multiple exhibits. The letter should reference this Scheduling Order.

**INFORMAL DISPUTE RESOLUTION (IDR)**

If the meet and confer required by Local Rule 7.1 is not successful in resolving a dispute concerning a non-dispositive issue between the parties, the parties to the dispute should, prior to scheduling any non-dispositive motion, meet and confer regarding whether the issue may be resolved through Informal Dispute Resolution (IDR) with the magistrate judge. If all parties to the dispute do not agree to submit the dispute through the IDR process, the "moving party" (i.e., the party seeking relief from the Court) must proceed by formal motion. If the parties agree to submit the dispute through the IDR process, the "moving party" must file on CM/ECF a letter representing that the parties wish to engage in IDR, and setting forth (1) the well-defined issue to be resolved,

(2) the party's position on the issue, and the factual and legal basis for that position, and (3) a clear bullet-point summary of the relief sought. Within three business days after the "moving party's" letter is submitted, each responding party must file a letter confirming its agreement that the dispute may be resolved through IDR and setting forth its position on the merits of the dispute. For purposes of this process, a letter that is filed after 4:30 p.m. Central Time will be considered as having been submitted the following day. Because of the short turn-around time for the IDR process, the parties' IDR letters must also be emailed to chambers (***bowbeer_chambers@mnd.uscourts.gov***) at the same time they are filed.

The subject line of each letter must include the name of the case and the case number, and must clearly denote that the letter pertains to an IDR request. In addition, the subject line of the "moving party's" initial letter must state the date (no earlier than three days following the date the responsive letter is due) by which the parties would like to be heard. Each letter may not exceed five (5) pages, single-spaced, and may include no more than three (3) exhibits. The letter may include a concise discussion of legal authorities, but the magistrate judge will not review lengthy briefs or voluminous exhibits, as the purpose of the IDR process is to reduce the time and expense associated with the resolution of non-dispositive issues that may arise during the pretrial process. The magistrate judge will request additional exhibits or authorities if needed, and may in its discretion conclude that the issue should instead be submitted by formal motion.

The "moving party" will be responsible for contacting chambers to request a date and time for a telephone conference, and will coordinate that date with the responding

party or parties. At least one (1) attorney for each party knowledgeable about each disputed issue must participate in the conference, but no more than two (2) attorneys for each party to the dispute may participate.

If the magistrate judge agrees that the dispute is appropriate for informal resolution, she will read the written submissions, hear counsel's arguments at the conference, and issue her decision at the conclusion of the conference or shortly thereafter. There will be no transcript or other recording of the IDR conference call; however, the magistrate judge's order on the dispute will be reflected in a minute entry on CM/ECF, and is enforceable by the same means and to the same extent as if it had been rendered at the conclusion of formal motion practice.

In view of the absence of formal briefing, the lack of any transcript or recording of the conference call, and the fact that the minute entry will not discuss the reasoning underlying the magistrate judge's decision, the decision of the magistrate judge on an issue submitted through the IDR process is final and cannot be appealed to the District Judge or preserved for the Court of Appeals, nor can a party revive the issue by filing a formal motion. In other words, by agreeing to submit a dispute to IDR, the party is agreeing to live with the decision the magistrate judge renders on that dispute at the conclusion of the IDR process.

**DISPOSITIVE MOTIONS**

All dispositive motions must be served and filed, together with all supporting documentation, on or before **August 19, 2022**. All dispositive motions shall be scheduled, filed and served in compliance with the Order regarding dispositive motion

practices in cases assigned to District Judge Paul A. Magnuson by contacting the Courtroom Deputy for District Judge Paul A. Magnuson, **at (651) 848-1150**. Counsel are given notice that six (6) to eight (8) weeks advance notice is necessary to place a dispositive motion on the calendar.

Notwithstanding the provisions of Local Rules 7.1(c)-(d), the following procedures shall apply to the dispositive motion[5] practice in this case:

1. The moving party shall first contact the Courtroom Deputy to secure a hearing date **at least 42 days** in the future. Once the moving party has secured a hearing date, it shall promptly file a notice of motion informing all parties of the nature of the motion and the date, time, and location of the hearing.

2. The moving party shall serve and file the following documents **at least 42 days** before the scheduled hearing: (a) motion, (b) memorandum of law, and (c) affidavits and exhibits. The party shall provide the Court with **two (2)** hard copies of its memorandum and **one (1)** copy of any affidavits and exhibits.

3. The responding party shall serve and file the following documents **at least 21 days** before the hearing: (a) memorandum of law, and (b) affidavits and exhibits. The party shall provide the Court with **two** hard copies of its memorandum and **one** copy of any affidavits and exhibits.

---

[5] The following are deemed dispositive motions under this Order: motions for preliminary or permanent injunctive relief; motions to dismiss, for judgment on the pleadings, or for summary judgment; motions to certify a class action; motions to exclude expert testimony under *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and/or Federal Rule of Evidence 702; motions to remand or transfer; and motions to compel arbitration. Absent permission of the Court, a party moving for a temporary restraining order must file and serve its motion papers, in addition to the Summons and Complaint, on the proposed-enjoined party before the Court will entertain the motion. A motion for a temporary restraining order is not subject to the 42-day rule set forth below; rather, the Courtroom Deputy will advise the parties of the hearing date and briefing schedule. All motions for injunctive relief and motions to exclude expert testimony will be handled without live witness testimony absent advance permission from the Court.

4. The moving party may serve and file a reply memorandum of law **at least 14 days** before the hearing.  A reply memorandum shall not raise new grounds for relief or present matters that do not relate to the response, and the party shall provide the Court with **two** hard copies of its memorandum and **one** copy of any affidavits and exhibits.

5. Parties are discouraged from providing the Court with notices of electronic filing, word-count certificates, and certificates of service.

6. If the Court *sua sponte* cancels the hearing or continues the hearing date, all subsequently filed motion papers must be served as if the original hearing date were still in effect, unless otherwise directed by the Court.

7. Parties need not meet and confer, as required under Local Rule 7.1(a), in advance of filing a dispositive motion, although they are encouraged to do so to attempt to narrow the issues presented to the Court.

Notwithstanding the foregoing, no party may file a motion for summary judgment before all discovery has been completed without first obtaining permission from the undersigned.  Permission shall be sought by electronically filing a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time.  The other party or parties may file brief letters in support of or in response to the request within 5 days.  Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

All other provisions in Local Rule 7.1 are unaffected by this Order and remain applicable, including the word limitations in Rule 7.1(f).

**SETTLEMENT CONFERENCE**

The Court will conduct a status conference by telephone conference bridge in this matter on **September 1, 2021 at 9:00 a.m. Central time**, to discuss the parties' progress

15

in discovery and prospects for settlement, including whether and, if so, when a settlement conference with the Court would be productive.  Chambers will circulate conference bridge information a few days before the call.  Counsel must meet and confer on these topics in advance of the call, and must submit a joint update letter no later than **August 30, 2021**.  The letter should include the names of those who will participate in the status conference.

The Court may sua sponte schedule status conferences or settlement conferences to explore options for alternative dispute resolution.  In addition, the Court may, in its discretion, contact the parties ex parte to discuss settlement, or may consider joint or ex parte requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations.  The content of any such ex parte communication shall be strictly limited to the topic of settlement and shall not touch on any matter that may come before the magistrate judge for a ruling.  The Court will treat such ex parte settlement communications as confidential unless otherwise advised.

## **TRIAL**

This case shall be ready for a **jury** trial on **October 19, 2022**.  The anticipated length of trial is **6** days.

Dated:  May 3, 2021                              s/*Hildy Bowbeer*
                                                              HILDY BOWBEER
                                                              United States Magistrate Judge