UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lamplighter Village Apartments                              Civ. No. 21-413 (PAM/HB)
LLP, et al.

                              Plaintiffs,

v.                                                      **MEMORANDUM AND ORDER**

City of St. Paul,

                              Defendant.

_____

     This matter is before the Court on Plaintiffs' second Motion for Attorney's Fees and

Costs.  (Docket No. 87.)  For the following reasons, the Motion is granted in part and

denied in part.

**BACKGROUND**

     Plaintiffs, a group of rental property owners in the City of St. Paul, filed this action

against the City over an ordinance granting extensive protections to tenants and governing

how landlords conduct their business.  Ord 20-14 § 193.  Plaintiffs alleged violations of

the Takings Clause and substantive due process.  On April 19, 2021, the Court granted

Plaintiffs' Motion for a preliminary injunction, and judgment was entered the following

day. (Docket Nos. 53, 54.)  The City repealed the Ordinance on June 23, 2021.  The Court

granted the parties' joint Motion to Dismiss the action with prejudice on September 8,

2021; however, the parties did not agree on attorney's fees.  (Docket No. 83.)  On October

21, 2021, the Court denied without prejudice Plaintiffs' counsel's first Motion for Fees,

instructing Plaintiffs' counsel to more fully support the Motion.   (Docket No. 86.) Plaintiffs' counsel then filed the instant Motion.  (Docket No. 87.)

**DISCUSSION**

Federal Rule of Civil Procedure 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party."  But, the award of costs is not automatic, and the Court retains significant discretion to decide whether to award costs.  See Hibbs v. K–Mart Corp., 870 F.2d 435, 443 (8th Cir. 1989) (noting language of Rule 54(d) is permissive, not mandatory).  Plaintiffs' counsel moves for an award of $295,118.00 in attorney's fees and $714.60 costs under Fed. R. Civ. P. 54(d).

To determine whether a requested award of attorney's fees is reasonable, the Court uses the lodestar method.  Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002). Courts consider several factors under the lodestar method to determine the reasonableness of a fee, such as the time and labor required, the experience of the attorney, the skill required to perform the legal service properly, and the nature and length of the relationship with the client.  Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983).

As an initial matter, the Court finds that the hours Plaintiffs' counsel claims to have worked on this case exceed what is reasonable, and the Court must exclude "excessive, redundant, or otherwise unnecessary" hours.  Id. at 434.  Plaintiffs' counsel claims to have spent well over 450 hours on this matter, yet the Court granted the preliminary injunction before the parties exchanged discovery, and the at-issue ordinance was repealed before any further litigation occurred.

The Court is not persuaded that the legal arguments in this case required unusually extensive legal research, as Plaintiffs' counsel asserts. Indeed, Plaintiffs' counsel filed a separate, but somewhat similar, lawsuit in Minneapolis shortly before initiating this lawsuit. Thus, counsel was not starting from scratch when conducting the legal research for this case. From reviewing the billing record, the Court does not disagree that Plaintiffs' counsel spent considerable time researching the Motion for a Preliminary Injunction, but the Court also notes that Plaintiffs' counsel billed more than 200 hours after the Injunction was fully briefed in March 2021.

Further, Plaintiffs' counsel has failed to provide sufficient supplementary evidence supporting the hourly fees in this matter. As the Court previously found, counsels' own declarations are unpersuasive. "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). With Plaintiffs' counsel's second Motion for Fees, counsel submits a single declaration from another attorney in support of the fees that Cozen O'Connor charges. But, the declaration of an attorney working in a small firm in the Twin Cities in is not sufficient to justify the large fees that Cozen O'Connor, a national firm, charges. (Docket No. 94.) Moreover, the declaration is void of any authority or market research to support a finding that Cozen O'Connor's fees are reasonable. Despite this shortcoming, "when fixing hourly rates, courts may draw on their own experience and knowledge of prevailing market rates."

3

Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2005).  In the Court's experience, a reasonable hourly rate is less than the $725 that Plaintiffs' counsel seeks.

The tenuous support for the reasonableness of the hourly fees is less concerning than the blatant over-charging of hours throughout the billing record submitted.  (Invoice Rec. (Docket No. 90).)   Plaintiffs' counsel seeks attorney's fees for activities that are not typically compensable in an action for attorney's fees.  The billing record is replete with time entries for conversations and communications within the firm.  It is unreasonable to bill a client—sometimes multiple times over—for myriad internal phone calls, email exchanges, and discussions.  Further, numerous entries detail purely administrative tasks, such as contacting a legal-services company, filing documents, or preparing electronic materials to be reviewed by an attorney (see e.g. id. at 24, 25, 26, 44, 52), which are not appropriate to include in a Motion for Fees.  See Rosen v. Wentworth, 13 F. Supp. 3d 944, 952-53 (D. Minn. 2014) (Montgomery, J.).

Moreover, vague descriptions of billed activities do not allow the Court to evaluate whether fees should be awarded for that time.  A particularly glaring oversight in the record seeks more than a thousand dollars in attorney's fees, yet merely describes the attorney's task as "E"—demonstrating an inattention to the invoices submitted.  (Invoice Rec. at 32.) Other entries contain descriptions too vague to assist the Court in evaluating the fees sought.  While the Court need not detail the deficiency of each lacking entry, such examples include "[e]xchange emails regarding memo" and "exchange emails . . . about documents." (Id. at 27, 34.)  Counsel's failure to specifically describe the subject matter of a billed task

4

is a proper basis for a reduction in fees.  See Utecht v. Diamond Lake, Inc., No. 16cv118, 2017 WL 6734178, at *7 (D. Minn. Dec. 29, 2017) (Tunheim, C.J.).

Lastly, most of the entries in the billing record are block entries, which make it impossible for the Court to determine the amount of time that counsel spent on a particular task.  Such block-billing is particularly problematic for entries combining tasks that are not suitable in a Motion for Fees with tasks that could properly be billed to a client.  Due to the frequent instances of block-billing in the in the record, the Court cannot accurately reduce the fees sought by a specific dollar amount.  Therefore, the Court reduces the fees sought by two-thirds, and awards Plaintiffs' counsel $98,372.67 in fees.  Sufficient evidence supports the requested award of $714.60 in costs.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1.  Plaintiffs' second Motion for Attorney's Fees and Costs (Docket No. 87) is **GRANTED in part and DENIED in part**; and

2.  Defendant shall pay Plaintiffs' attorney's fees in the amount of $98,372.67, and costs in the amount of $714.60.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Monday, December 13, 2021

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge

5